### UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

**IN RE: ALEXIS RENE AUSTIN**　　　　　　　　　Case No. 05-39370-DOT
　　　　Chapter 7 Debtor

**ALEXIS RENE AUSTIN,**　　　　　　　　　　　Adversary Proceeding No. 06-03094-DOT
　　　　Plaintiff
v.

**BIG TEN CAPITAL MANAGEMENT, LLC**

**PROVIDIAN BANK CORP.**

**TITAN RECOVERY GROUP INC.**
　　　　Defendants

### MEMORANDUM OPINION AND ORDER

Hearing was held on September 6, 2006, on defendant Washington Mutual Bank's motion to dismiss debtor's pro se complaint alleging actions to collect on a debt in violation of 11 U.S.C. § 524 following the debtor's discharge. For the reasons set forth below, the motion to dismiss with prejudice as to defendant Washington Mutual Bank, successor in interest to Providian National Bank ("Providian"),[1] will be granted.

Findings of Fact

Debtor filed the Chapter 7 case on October 4, 2005, and received a discharge on January 23, 2006. Debtor filed this adversary proceeding on May 24, 2006, and caused process to be served upon "Providian Bank Corp." on May 25, 2006, and again on June 28, 2006. Neither summons was addressed to the attention of any individual. Defendant Providian filed a motion

---

[1] Debtor improperly referenced Providian Bank Corp., a corporation which does not exist, in the complaint. Hereinafter all references to "Providian" shall refer to Washington Mutual Bank, successor in interest to Providian National Bank.

to dismiss on August 8, 2006.

The debtor's complaint alleges that Providian Bank Corp. conspired to collect a debt included in the discharge by selling its note to Big Ten Capital Management ("Big Ten"), who sold the note to Titan Recovery Group ("Titan"), who sold the note to Greater Chesapeake Financial Corp. ("Chesapeake"), who in turn instituted legal action in the Richmond General District Court for recovery of the debt. Debtor seeks injunctive relief stopping further collection efforts by all four co-defendants, withdrawal of reports submitted to credit reporting agencies, and damages of $9,655.26 plus punitive damages from each defendant. The complaint has been previously settled as to Chesapeake, and neither Big Ten nor Titan has filed a response to date.

Defendant Providian filed a motion to dismiss the complaint on August 8, 2006. The motion provided three possible grounds upon which to dismiss debtor's complaint. Because this opinion and order dismisses the complaint on the grounds of Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, this opinion does not consider defendant's arguments on subject matter jurisdiction or failure of service of process.

<u>Conclusions of Law</u>

TIMELINESS OF MOTION

In its motion, Providian requests the court either to quash service of process against it for debtor's failure to comply with 11 U.S.C. § 7004(b)(3) or to grant its motion to enlarge the time for responding to the complaint.

Although notice of the complaint was not addressed to any individual at Providian as required by § 7004(b)(3), the court does not find it necessary to quash service. Instead the court will grant Providian's motion to enlarge time pursuant to Fed. R. Bankr. P. 9006(b), which authorizes the granting of an extension of time to file a responsive pleading "on motion made

2

after the expiration of the specified period…where the failure to act was the result of excusable neglect." A finding of excusable neglect here is based on the difficulty for Providian in receiving and processing the improperly directed service of the complaint. Accordingly, Providian's motion to dismiss filed on August 8, 2006, was timely.

MOTION TO DISMISS

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Eastern Shore Markets, Inc. v. J.D. Associates Ltd. Partnership*, 213 F.3d 175, 180 (4th Cir. 2000). Mere conclusions without factual support are insufficient to state a claim upon which relief can be granted. *Id.* While notice pleading is generally sufficient under the Federal Rules, where conspiracy is alleged a plaintiff must plead it with particularity. *See Lewis v. Gupta*, 54 F. Supp. 2d 611, 618 (E.D. Va. 1999).

In the debtor's complaint, the only allegation that clearly applies to defendant Providian is that Providian "in violation of the court's order did conspire with [the other co-defendants] to collect a debt that was included in the discharge.…" This allegation must particularly describe how Providian participated in a conspiracy to collect on the debt. While co-defendant Chesapeake allegedly instituted legal action against the debtor, no such allegation is made as to Providian. The only alleged action to conspire is that Providian sold its original note to Big Ten, who sold it to Titan, who sold it to Chesapeake. Even assuming that this note exists and was in fact sold by defendant, a bare allegation that one party sold a note to another party in a chain of ownership is not sufficient evidence of a conspiracy to collect on the underlying debt. The pleading is insufficient in that it fails to provide details regarding how or when the sale occurred,

leaving this court to speculate as to how such actions could constitute conspiracy to collect on a debt in violation of 11 U.S.C. § 524.

Because the debtor's complaint fails to state a claim upon which relief can be granted, this court must grant defendant Providian's motion to dismiss under Rule 12(b)(6).

Accordingly,

**IT IS ORDERED** that the defendant's motion to enlarge the time in which to file a response under Fed. R. Bankr. P. 9006(b) is GRANTED; and

**IT IS FURTHER ORDERED** that the defendant's motion to dismiss for failure to state a claim is GRANTED, and debtor's complaint is dismissed with prejudice as to defendant Washington Mutual Bank, successor in interest to Providian National Bank.

SIGNED:

_____
DOUGLAS O. TICE, JR.
CHIEF UNITED STATES BANKRUPTCY JUDGE

Copy to:

Travis A. Sabalewski, Esquire
REED SMITH LLP
Riverfront Plaza – West Tower
901 East Byrd Street, Suite 1700
Richmond, Virginia 23219

Alexis Rene Austin
P.O. Box 4735
Richmond, VA 23220

President
Big Ten Capital Management Services
8601 N. Black Canyon Highway
Phoenix, Arizona 85021

President
Titan Recovery Group, Inc.
305 S. Adam Street
Marion, Indiana 46952