# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

IN RE: ALEXIS RENE AUSTIN       Case No. 05-39370-DOT
    Chapter 7 Debtor

ALEXIS RENE AUSTIN,      Adversary Pro. No. 06-03094-DOT
    Plaintiff
v.

BIG TEN CAPITAL MANAGEMENT, LLC,

IDT-CARMEL, and

TITAN RECOVERY GROUP INC.
    Defendants

## MEMORANDUM OPINION AND ORDER

**Procedural history and findings of fact**

Debtor Alexis Rene Austin filed a chapter 7 bankruptcy case on October 4, 2005. Listed on the debtor's schedule of creditors holding unsecured nonpriority claims were two claims of Providian Bank, account number 5409-****-****-****, in the amounts of $5,089.00 and $3,166.00. When the debtor received a chapter 7 discharge on January 23, 2006, all unsecured debts were discharged, except those debts excepted from discharge under 11 U.S.C. § 523.[1] The chapter 7 case was closed on January 30, 3006.

On May 24, 2006, the debtor filed the instant adversary proceeding, alleging that the provisions of the post-discharge stay of 11 U.S.C. § 524 had been violated by the defendants. The action was subsequently dismissed against two of the original defendants, leaving Big Ten Capital Management, LLC, and Titan Recovery Group, Inc., as defendants. In addition, the debtor added IDT-Carmel as a defendant on January 12,

---

[1] There has been no assertion in this case that any of the debtor's unsecured debts are nondischargeable.

1

2007, subsequently asserting the IDT-Carmel is the successor entity for Big Ten Capital Management. The remaining defendants have not responded to the complaint filed in the adversary proceeding nor made in appearance in the case. Default has been entered against them, and the debtor now seeks default judgment against them.

**Conclusions of law**

The debtor asks in the complaint filed in this adversary proceeding that the defendants be found to have colluded to collect a previously discharged debt and to impede the establishment of fresh credit for the debtor. The debtor seeks damages for the collusive action and also requests that the defendants be enjoined from further collection attempts and required to take all necessary steps to correct the debtor's credit reports with the major credit reporting agencies.

An allegation of collusion must particularly describe how the defendants participated in a conspiracy to collect on the debt. The only alleged action to conspire is that dismissed defendant Providian sold its original note to defendant Big Ten, who sold it to defendant Titan, who sold it to dismissed defendant Chesapeake. Even assuming that this note exists and was in fact sold by defendants, a bare allegation that one party sold a note to another party in a chain of ownership is not sufficient evidence of a conspiracy to collect on the underlying debt. The pleading is insufficient in that it fails to provide details regarding how or when the sale occurred, leaving this court to speculate as to how such actions could constitute conspiracy to collect on a debt in violation of 11 U.S.C. § 524. Thus, the court cannot award damages based upon the allegation of collusion.

However, with respect to the violation of the post-discharge stay of § 524 of the

Bankruptcy Code, the violation is sufficiently pled to enable the court to grant judgment. Therefore, the court must determine damages. The debtor has provided the court with a summary of damages. These damages are uncontested:

| | |
|---|---:|
| Mailing Expenses | $139.77 |
| Copying costs | $87.50 |
| Time spend by the debtor pursuing the case | |
|    240 hours at $11.50 per hour | $2,760.00 |
| Telephone expenses | $260.50 |
| Return receipts | $ 24.05 |
| TOTAL | $3,271.82 |

The debtor has also asked for treble damages under the Virginia statutes but has not referred the court to any specific requirement. Therefore, the request for treble damages will be denied.

The court will order the defendants to take whatever reparative action is required to cause the debtor's credit reports to be accurate with respect to the debt at issue. In addition, the court enjoins the defendants from further action to collect the previously discharged debt unless they first obtain a judicial determination that the debt is in fact nondischargeable.

Because the facts as pled show that defendants have each acted in violation of the automatic stay of the bankruptcy code, an award of punitive damages is appropriate. Therefore, the above amount will be assessed against each defendant individually rather than jointly and severally, and

**IT IS ORDERED** that judgment is entered jointly and severally against defendant Big Ten Capital Management, LLC, its successors and assigns, and defendant IDT-Carmel in the amount of $3,271.82, and it is further

**ORDERED** that judgment is entered against Titan Recovery Group, Inc., its

successors and assigns, in the amount of $3,271.82, and it is further

**ORDERED** that defendants Big Ten Capital Management, LLC, its successors and assigns, IDT-Carmel, and Titan Recovery Group, Inc., its successors and assigns, are enjoined from all action to collect any debt discharged in the debtor's chapter 7 bankruptcy case without first obtaining a judicial determination that the debt is nondischargeable, and it is further

**ORDERED** that the defendants take whatever reparative action is required to cause the debtor's credit reports to be accurate with respect to the debt at issue and the defendants' improper post-petition collection attempts.

SIGNED:

   /s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF UNITED STATES BANKRUPTCY JUDGE


Copies to:

Alexis Rene Austin
P.O. Box 4735
Richmond, VA 23220

President
Big Ten Capital Management Services
8601 N. Black Canyon Highway
Phoenix, Arizona 85021

President
Titan Recovery Group, Inc.
305 S. Adam Street
Marion, Indiana 46952

Chris Winkler, President
IDT-Carmel
2080 Elm Street, SE
Minneapolis, MN 55414